UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-173

| | |
|---|---|
| **United States of America**, <br><br> v. <br><br> **Michael Allen Dyer**, <br><br> Defendant. | **Order** |

On July 20, 2016, a Grand Jury indicted Defendant Michael Allen Dyer on charges of conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 (Count 1) and money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count 2). Ahead of his arraignment, Dyer has filed a variety of motions: Early Disclosure of Brady/Giglio Material (D.E. 22), Disclosure of Government Summary Exhibits (D.E. 23), Motion to sequester the Government's witnesses (D.E. 24), and Notice of 404(b) Evidence (D.E. 25). The Government has responded to these motions (D.E. 27 & 28) and they are ripe for disposition.

I. **Motion for Disclosure of All 404(b) Evidence**

Dyer seeks an order requiring the Government to give notice of its intent to introduce evidence that falls under Rule 404(b) of the Federal Rules of Evidence. Mot. for Evid., D.E. 25. In response, the Government contends that Dyer's motion should be denied as moot because it will produce the requested documents and information no later than seven days before trial. Resp., D.E. 28.

Dyer requests that the Government "disclose the substance of any evidence it intends to introduce against [him] pursuant to Rule 404(b) of the Federal Rules of Evidence . . . ." Mot. for Evid. at 1. However, under Rule 404(b)(2), a defendant is only entitled to receive "reasonable

notice of the general nature of any [Rule 404(b)] evidence that the prosecutor intends to offer at trial . . . ." Fed. R. Evid. 404(b)(2)(A). The Government represents to the Court that it will comply with its obligations under Rule 404(b) no later than one week before trial. Mot. for Evid. at 5.

Therefore, Dyer's request regarding Rule 404(b) evidence (D.E. 25) is granted in part and denied in part. The Government is ordered to notify Dyer of the general nature of any Rule 404(b) evidence it intends to offer at trial no later than seven days before the date trial is scheduled to begin.

## II.     Motions for *Brady* and *Giglio* Information

Dyer seeks information that he claims he is entitled to under *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), and their progeny. Mot. for Early Disclosure, D.E. 22.

Under *Brady*, the Government has an affirmative obligation to produce evidence that is "both favorable to an accused and 'material to either guilt or punishment.'" *United States v. Bagley*, 473 U.S. 667, 674 (1985); *Brady*, 373 U.S. at 87. The Government must also disclose evidence that could potentially be used to impeach or discredit a Government witness. *Giglio*, 405 U.S. at 154. This evidence must be produced "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985); *see United States v. Jeffers*, 570 F.3d 557, 573 (4th Cir. 2009). The Government does not need to produce statements which fall under the Jencks Act until after the witness has testified. The Jencks Act, 18 U.S.C. § 3500(a).

The Government acknowledges its obligations to provide *Brady* and *Giglio* materials in a timely manner. Resp. at 2–3, D.E. 28. Furthermore, the Government represented to the court that

2

it has already produced several thousand pages of materials to the Defendants; will produce additional relevant documents as this matter moves forward; and will produce criminal histories, plea agreements, promises of consideration, and inconsistent statements, if any, "in time to put the information to effective use at trial." *Id.* at 3. Additionally, although the Government is not required to produce statements which fall under the Jencks Act prior to trial, it represents that it will do so no later than one week before trial. *Id.*

In light of the Government's actions to date and its representations to the court, "[t]he court credits the government's assertion that it will disclose all exculpatory and impeachment evidence in time for its effective use at trial," *United States v. Howard*, No. 5:12–CR–9–D, 2012 WL 2525625, at *3 (E.D.N.C. June 29, 2012) (citing *Smith Grading*, 760 F.2d at 532). Therefore, the motions seeking early disclosure of *Brady* and *Giglio* materials are granted in part and denied in part (D.E. 22). The Government shall produce *Brady* and *Giglio* materials on a prompt, ongoing basis and shall disclose all materials required to be disclosed under those doctrines no later than seven days before the date trial is scheduled to begin.

**III.     Motion for Sequestration of Witnesses**

In anticipation of trial, Dyer seeks an order requiring the sequestration of the Government's witnesses and prohibiting the Government from discussing the trial testimony of witnesses with other individuals who may testify at trial. Mot. to Sequester at 1, D.E. 24. In response, the Government requests that Dyer's witnesses also be subject to a sequestration order and that it be allowed to designate one witness to remain in the courtroom for the duration of the trial. Resp. to Mot. to Sequester at 1–2, D.E. 27.

Dyer seeks the exclusion of all of the Government's witnesses from the trial except for a designated case agent. He also requests that the court prohibit the Government and its case agent

3

from discussing trial testimony with any other witness it may call during the trial. The Government does not oppose the sequestration of its witnesses, but requests that Dyer's witnesses be sequestered as well. The Government also indicates that it may seek an exemption from the sequestration order at a later date so that its expert witness may attend some or all of the trial.

The Federal Rules of Evidence require that, upon the request of a party, the court exclude witnesses from trial so that they cannot hear the testimony given by other witnesses. Fed. R. Evid. 615. However, the court may not exclude certain categories of people, including "a party who is a natural person" or a designated officer or employee of a party that is not a natural person. *Id.* at 615(a), (b). Therefore, the court orders that all witnesses that may be called by Dyer and the Government, other than the defendants and a case agent designated by the Government, shall be excluded from the courtroom during trial.

The court will also limit the witnesses' ability to discuss the case with others. Therefore, witnesses subject to this sequestration order are prohibited from discussing their testimony or the testimony of other witnesses with anyone other than counsel for the parties.

The court therefore grants in part and denies in part Dyer's motion seeking sequestration of witnesses (D.E. 24). All witnesses that may be called by Dyer and the Government, other than the defendant and a case agent designated by the Government, shall be excluded from the courtroom during trial. Witnesses subject to this sequestration order are prohibited from discussing their testimony or the testimony of other witnesses with anyone other than counsel for the parties.

**IV.     Motion for Disclosure of Government Summary Exhibits**

Dyer requests that the court order the Government disclose summary exhibits it intends to use in trial, no later than 14 days before trial for two reasons. Mot. for Summ. Ex. at 1–2, D.E. 23. First, its needs two weeks "to review the summary exhibit, compare it to the hard data, and check its accuracy and its completeness . . . ." *Id.* Second, it will need that time to "determine if there is a need on his part to obtain expert or lay witnesses to explain or rebut the statements in the Government's summary, or to create a competing summary that more appropriately or fairly explains the underlying evidence." *Id.*

In response, the Government contends that Dyer's motion should be denied as moot because it will produce the requested summary exhibits no later than seven days before trial. Resp. at 4. It also has "provided Defendant with the telephone and financial records that are likely to be utilized in the creation of summary exhibits." *Id.* Finally, it requests that the Defendants reciprocate by producing any of its summary exhibits within seven days of trial. *Id.*

Under the Federal Rules of Evidence, the Government may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. It must make them available to the defendant "at a reasonable time." *Id.*

The court finds unpersuasive the Defendant's reasons for needing the exhibits an extra week in advance. The Defendant is free to make its own summary exhibit now with the evidence the Government has provided it. If it notes discrepancies between its summary and the Government's, it will have the same amount of time as the Government to review the data to check its accuracy and completeness. It will also have the same amount of time as the Government to obtain an expert witness to explain or rebut the other party's exhibit. For these

5

reasons, this court finds that 7 days before trial is sufficient time for the Defendant to review the summary exhibits.

Therefore, Dyer's request regarding summary exhibits (D.E. 23) is granted in part and denied in part. The Government is ordered to produce any summary exhibits it intends to offer at trial no later than seven days before the date trial is scheduled to begin. The Defendant is also ordered to do the same.

## VI. Conclusion

As discussed above, the court orders as follows:

1. Dyer's motion regarding Rule 404(b) evidence (D.E. 25) is granted in part and denied in part. The Government is ordered to notify Dyer of the general nature of any Rule 404(b) evidence it intends to offer at trial no later than seven days before the date trial is scheduled to begin.

2. Dyer's motion regarding *Brady* and *Giglio* materials (D.E. 22) are granted in part and denied in part. The Government shall produce *Brady* and *Giglio* materials on a prompt, ongoing basis and shall disclose all materials required to be disclosed under those doctrines no later than seven days before the date trial is scheduled to begin.

3. Dyer's motion seeking sequestration of witnesses (D.E. 24) and the Government's request regarding the same are granted. All witnesses that may be called by Dyer and the Government, other than the defendant and a case agent designated by the Government, shall be excluded from the courtroom during the trial. Witnesses subject to this sequestration order are prohibited from discussing their testimony or the testimony of other witnesses with anyone other than counsel for the parties.

4. Dyer's motion regarding summary exhibits (D.E. 23) is granted in part and denied in part. The Government's request regarding the same (D.E. 28 at 4) is granted. The Government is ordered to produce any summary exhibits it intends to offer at trial no later than seven days before the date trial is scheduled to begin. The Defendant is also ordered to do the same.

Dated: January 23, 2017

_____
Robert T. Numbers, II
United States Magistrate Judge